MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

FRANKLYN A. FLORES and JOSE
ANTONIO MEJIA, *individually and on behalf*
*of others similarly situated,*

                              *Plaintiffs*,

        -against-

MARFI CONTRACTING CORP. (D/B/A
MARFI CONTRACTING CORP.), HELEN
FIKIAS, JOHN FIKIAS, PETER FIKIAS, and
ANASTASIOS FIKIAS,

                             *Defendants.*

-------------------------------------------------------X

                         **COMPLAINT**

         **COLLECTIVE ACTION UNDER**
      **29 U.S.C. § 216(b) AND RULE 23**
             **CLASS ACTION**

                **ECF Case**

Plaintiffs Franklyn A. Flores and Jose Antonio Mejia individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C. upon their knowledge and belief, and as against Marfi Contracting Corp. (d/b/a

Marfi Contracting Corp.) ("Defendant Corporation") and Individual Defendants Helen Fikias,

John Fikias, Peter Fikias, and Anastasios Fikias allege as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiffs are former employees of Defendants Marfi Contracting Corp. (d/b/a Marfi

Contracting Corp.), Helen Fikias, John Fikias, Peter Fikias, and Anastasios Fikias.

2.    Defendants own, operate, or control a construction company, with its principal place of business located at 539 Cary Avenue, Staten Island, NY 10310 under the name "Marfi Contracting Corp.".

3.    Upon information and belief, individual Defendants Helen Fikias, John Fikias, Peter Fikias, and Anastasios Fikias, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the construction corporation as a joint or unified enterprise.

4.    Plaintiffs were employed as roofers at the construction corporation located at 539 Cary Avenue, Staten Island, NY 10310 who controlled several publicly funded construction projects but not limited to the following: John F. Kennedy Intermediate School (Deer Park, New York) from approximately July 2017 until on or about November 2017, John Quincy Adams Elementary School (Deer Park, New York) from approximately July 2017 until on or about September 2017, Deer Park High School (Deer Park, New York) from approximately May 2017 until on or about July 2017, Steiner Studios (Kings County) from approximately November 2017 until on or about May 2018, Brooklyn Urban Retail Partners, LLC (Rockland County, New York) from approximately May 2018 until on or about August 2018, Rockland State Park (Rockland County, New York) from approximately April 2017 until on or about May 2017, W. Tresper Clarke High School (Westbury, New York) from approximately May 2018 until on or about August 2018, Lindenhurst High School (Lindenhurst, New York) and/or Daniel Street Elementary (Lindenhurst, New York) from approximately May 2018 until on or about August 2018, (hereinafter referred to as "public works projects").

5.    Defendants and/or entities affiliated with or controlled by Defendants did public works projects, mainly in New York.

6.    At all times relevant to this complaint, Defendants failed to pay Plaintiffs the New York State mandated "prevailing wages" that they were entitled to receive for work performed on the public works projects pursuant to New York contracts entered into between the Defendants and public entities including but not limited to municipal Boards of Education on whose behalf the Plaintiffs performed work.

7.    Said contracts required the Defendants to pay the Plaintiffs and those similarly situated at so-called prevailing wage rates for the localities in which the work was performed.  Said prevailing wage rates were determined by reference to the wages set forth in collective bargaining agreements between bona fide labor organizations and employers in the private sector, performing public or private work.

8.    Depending on the particular contract and the type of work performed, the prevailing regular rate of wages on work performed for the Defendants ranged from approximately $40.70 to $49.00 an hour, depending on the locality and contract.  For work performed on weekends, the prevailing wage amounted to time and a half or in some cases double time, for work performed on weekends, and, in some counties, call for an additional amount of money on top of the half time premium.

9.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked at the one and a half times rate of the required prevailing wage rate, in violation of the New York Labor Law and the Fair Labor Standards Act.

10.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

11.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the prevailing wage rate and overtime compensation required by federal and state law and regulations.

13.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for third party beneficiary breach of contract claims pursuant to Fed. R. Civ. P. 223 arising from Defendant's failure to pay prevailing wages as mandated by NYLL § 220, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims, including the unpaid prevailing wage work, occurred in this district, Defendants maintain their offices and businesses

within this district, and Defendants operate a construction company located in this district. Further, Plaintiff were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

17.    Plaintiff Franklyn A. Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in Kings County, New York.

18.    Plaintiff Flores was employed by Defendants from approximately July 2015 until on or about November 2015 and from approximately November 2016 until on or about August 27, 2018.

19.    Plaintiff Jose Antonio Mejia ("Plaintiff Antonio" or "Mr. Antonio") is an adult individual residing in Kings County, New York.

20.    Plaintiff Antonio was employed by Defendants at Marfi Contracting Corp. from approximately April 2017 until on or about November 29, 2017.

21.    Plaintiffs consent to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b). This included similarly situated individuals who are laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law and who furnished labor or worked on public works, in and/or with the State of New York, a public benefit corporation, a municipal corporation or a commission appointed pursuant to law.

### *Defendants*

22.    At all relevant times, Defendants own, operate, or control a construction company, located at 539 Cary Avenue, Staten Island, NY 10310 under the name "Marfi Contracting Corp.".

23.    Upon information and belief, Marfi Contracting Corp. (d/b/a Marfi Contracting Corp.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 539 Cary Avenue, Staten Island, NY 10310.

24.    Defendant Helen Fikias is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Helen Fikias is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Helen Fikias possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant John Fikias is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Fikias is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Fikias possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Peter Fikias is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Fikias is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Peter Fikias

possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Anastasios Fikias is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anastasios Fikias is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Anastasios Fikias possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.    Defendants operate a construction company located in Port Richmond section of Richmond County in New York City.

29.    Individual Defendants, Helen Fikias, John Fikias, Peter Fikias, and Anastasios Fikias, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Helen Fikias, John Fikias, Peter Fikias, and Anastasios Fikias operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36. In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38. Plaintiffs are former employees of Defendants who were employed as roofers. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Franklyn A. Flores*

39. Plaintiff Flores was employed by Defendants from approximately July 2015 until on or about November 2015 and from approximately November 2016 until on or about August 27, 2018.

40. Defendants employed Plaintiff Flores as a roofer in many projects throughout New York including public works projects throughout New York.

41.    Plaintiff Flores regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

42.    Plaintiff Flores's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

44.    From approximately July 2015 until on or about November 2015, Plaintiff Flores worked from approximately 6:00 a.m. until on or about 7:00 p.m., Mondays through Saturdays (typically 78 hours per week).

45.    From approximately September 2015 until on or about November 2015, Plaintiff Flores worked from approximately 3:00 p.m. until on or about 11:00 p.m., Mondays through Fridays and from approximately 6:00 a.m. until on or about 7:00 p.m., Saturdays (typically 53 hours per week).

46.    From approximately May 2017 until on or about August 2017, Plaintiff Flores worked from approximately 6:00 a.m. until on or about 7:00 p.m., Mondays through Saturdays (typically 78 hours per week).

47.    From approximately September 2017 until on or about December 2017, Plaintiff Flores worked from approximately 3:00 p.m. until on or about 11:00 p.m., Mondays through Fridays and from approximately 6:00 a.m. until on or about 7:00 p.m., Saturdays (typically 53 hours per week).

48.    From approximately May 2018 until on or about August 27, 2018, Plaintiff Flores worked from approximately 6:00 a.m. until on or about 7:00 p.m., Mondays through Saturdays (typically 78 hours per week).

49.   Throughout his employment, Defendants paid Plaintiff Flores his wages by personal check.

50.   From approximately July 2015 until on or about May 2017, Defendants paid Plaintiff Flores $20.00 per hour.

51.   From approximately May 2017 until on or about May 2018, Defendants paid Plaintiff Flores $30.00 per hour.

52.   From approximately May 2018 until on or about August 27, 2018, Defendants paid Plaintiff Flores $32.50 per hour.

53.   On a number of occasions, Defendants required Plaintiff Flores to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

54.   No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding prevailing wages, overtime wages, and wages under the FLSA and NYLL.

55.   Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

56.   Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.   Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including a knife, a hammer, and measuring tape.

*Plaintiff Jose Antonio Mejia*

58.   Plaintiff Antonio was employed by Defendants from approximately April 2017 until on or about November 29, 2017.

59.    Defendants employed Plaintiff Antonio as a roofer.

60.    Plaintiff Antonio regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

61.    Plaintiff Antonio's work duties required neither discretion nor independent judgment.

62.    Throughout his employment with Defendants, Plaintiff Antonio regularly worked in excess of 40 hours per week.

63.    From approximately April 2017 until on or about August 2017, Plaintiff Antonio worked from approximately 6:00 a.m. until on or about 7:00 p.m., Mondays through Saturdays (typically 78 hours per week).

64.    From approximately September 2017 until on or about November 29, 2017, Plaintiff Antonio worked from approximately 3:00 p.m. until on or about 11:00 p.m., Mondays through Fridays and from approximately 6:00 a.m. until on or about 7:00 p.m., Saturdays (typically 53 hours per week).

65.    Throughout his employment, Defendants paid Plaintiff Antonio his wages by personal check.

66.    From approximately April 2017 until on or about November 29, 2017, Defendants paid Plaintiff Antonio $40.00 per hour.

67.    Defendants granted a meal break to Plaintiff Antonio; however, it was always interrupted.

68.    Plaintiff Antonio's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

69.    For example, Defendants required Plaintiff Antonio to work an additional 3 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

70.    Plaintiff Antonio was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

71.    On a number of occasions, Defendants required Plaintiff Antonio to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

72.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Antonio regarding prevailing wages, overtime wages, and wages under the FLSA and NYLL.

73.    Defendants did not provide Plaintiff Antonio an accurate statement of wages, as required by NYLL 195(3).

74.    Defendants did not give any notice to Plaintiff Antonio, in English and in Spanish (Plaintiff Antonio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

75.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws, based on the prevailing wage rates according to the law.

76.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

77.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

78.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

79.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants paid Plaintiffs their wages in personal check.

80.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81.     Defendants failed to annex to and form a part of the public works contract of the schedule containing the prevailing rates of wages and supplemental benefits to be paid to workers who furnished labors for public works projects, as required by law.

82.     Defendants paid Plaintiffs (and similarly situated individuals) at a rate that was higher than the federal and state minimum wage rates, but lower than the prevailing rates or wages and supplements to which Plaintiffs (and similarly situated individuals) were entitled to.

83.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

84.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

85.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

86.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

89.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

90.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

91.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

92.     Plaintiffs bring their New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

93.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

94.     There are questions of law and fact common to the Class including:

  a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

95.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

96.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

97.     The common questions of law and fact predominate over questions affecting only individual members.

98.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

99.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

102.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

103.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

104.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week, whether that rate was set by law or contract.

105.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

107.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week, whether that rate was set by law or contract.

109.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE

**OF THE NEW YORK LABOR LAW**

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### BREACH OF CONTRACT

117.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

118.    Upon information and belief, the public works contracts entered into by Defendants contained, as a matter of fact or by operation of law, schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs (and the FLSA and Rule 23 class members).

119.    Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of the Plaintiffs (and the FLSA and Rule 23 class members).

120.    Defendants breached the public works contracts by failing to pay Plaintiffs (and the FLSA and Rule 23 class members) the prevailing rates of wages and supplemental benefits for all labor performed upon the public works projects.

121.    As a result of its breach of the public works contracts, Defendants are liable to Plaintiffs (and the FLSA and Rule 23 class members) for the value of the prevailing wages, supplements, and interest, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT

122.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

123.    Plaintiffs (and the FLSA and Rule 23 class members) conferred a benefit upon Defendants through the provision of labor as roofers for a public works project for which they have not been properly paid.

124.    Defendants received the benefit of Plaintiffs' labor during the time period alleged in this complaint.

125.    Plaintiffs expected rightful compensation for their labor, at least at the prevailing wage and applicable overtime rates.

126.    When Defendants entered into the public work contracts at these public works projects, it agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime and supplemental benefit rates of pay to Plaintiffs (and the FLSA and Rule 23 class members).

127.    Defendant would be unjustly enriched if allowed to retain that benefit without compensating the Plaintiffs (and the FLSA and Rule 23 class members).

128.    As a result of this failure to pay at prevailing wages rates, Defendants willfully and unjustly enriched for work and services performed by Plaintiffs (and the FLSA and Rule 23 class members).

129.    That equity and good conscience require that the Defendants pay Plaintiffs (and the FLSA and Rule 23 class members) their *quantum meruit,* in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### QUANTUM MERUIT

130.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

131.    Plaintiffs (and the FLSA and Rule 23 class members) performed numerous and valuable services at the request and for the benefit of Defendants. Plaintiffs (and the FLSA and Rule 23 class members) were not paid the reasonable value of those services.

132.    As a result, Defendants are liable to Plaintiffs (and the FLSA and Rule 23 class members) for the reasonable value of those services, less the non-prevailing wages already paid,

plus interest, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(e)    Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(i)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j)      Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)      Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)      Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)      Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(n)       Awarding Plaintiffs and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

      (p)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
         October 29, 2018

               MICHAEL FAILLACE & ASSOCIATES, P.C.

        By:      /s/ Michael Faillace    
            Michael Faillace [MF-8436]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

September 25, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          **Jose Antonio Mejia**

                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:


Signature / Firma:

                        25 de septiembre de 2018

Date / Fecha:

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 20, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Franklyn A. Flores**

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                        20 de septiembre de 2018

Date / Fecha:

*Certified as a minority-owned business in the State of New York*